IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 16-CR-10067-02-EFM

TABITHA A. HANCHETT,

*Defendant.*

**MEMORANDUM AND ORDER**

In 2016, Defendant Tabitha A. Hanchett pleaded guilty to one count of using a communication facility to facilitate a drug trafficking crime, and received a prison sentence of 48 months—the statutory maximum—to be followed by 12 months of supervised release. Defendant seeks a reduction in her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 56). She asserts that under *Hughes v. United States*,[1] her original base offense level should be reduced by two points and that the recommended sentencing guideline range be adjusted accordingly. For the reasons explained below, Defendant's motion is denied.

### I. Factual and Procedural Background

On May 24, 2016, a grand jury issued an indictment charging Defendant with one count of possession of methamphetamine with the intent to distribute. On September 22, 2016, a

---

[1] __ U.S. __, 138 S. Ct. 1765 (2018).

Superseding Information charged Defendant with one count of using a communication facility to facilitate a drug trafficking crime. On the same day as the Superseding Information, Defendant entered a plea of guilty to one count of using a communication facility to facilitate a drug trafficking crime.

The U.S. Probation Office prepared an Amended Presentence Investigation Report ("PSR") and filed it with this Court on November 18, 2016. The PSR utilized the 2016 U.S. Sentencing Guidelines ("Guidelines") to calculate a total offense level of 27, a criminal history category of III, and a recommended sentencing guideline range of 87 to 108 months. However, the statutory maximum term of imprisonment for the crime of conviction was four years, thus making the guideline term of imprisonment 48 months. On December 14, 2016, the Court sentenced Defendant to a term of imprisonment of 48 months, to be followed by 12 months of supervised release.

Defendant filed the current motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) on July 20, 2018. She argues that she is entitled to a reduction in her sentence based on the U.S. Supreme Court's recent decision in *Hughes v. United States*.

## II.     Discussion

Under the Sentencing Reform Act of 1984 (the "Act"), the Sentencing Commission must "review and revise the Guidelines from time to time."[2] "When the Commission amends the Guidelines in a way that reduces the Guidelines range for 'a particular offense or category of offenses,' the Commission must 'specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.' "[3] Accordingly, the

---

[2] *Id*. at 1772 (citing 28 U.S.C. § 994(o)).

[3] *Id*. at 1772-73 (quoting 28 U.S.C. § 994(o)).

Commission must "decide whether amendments to the Guidelines should have retroactive effect."[4] After the Commission has determined that an amendment should have retroactive effect, 18 U.S.C. § 3582(c)(2) authorizes district courts to "reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced."[5] It provides that the Court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[6]

Defendant mistakenly interprets *Hughes* to support her claim for relief. In *Hughes*, the district court sentenced the defendant to 180 months' imprisonment in early 2014 based on a Type-C plea agreement, and "[l]ess than two months later, the Sentencing Commission adopted, and made retroactive, an amendment that had the effect of reducing [the defendant's] sentencing range" from 188 to 235 months to 151 to 188 months.[7] The defendant sought a reduction of his sentence under § 3582(c)(2) based on this retroactive amendment to the Guidelines, which reduced the base offense level for most drug offenses by two levels.[8] The U.S. Supreme Court addressed whether § 3582(c) may provide relief to a defendant whose sentence is imposed pursuant

---

[4] *Id*. at 1773.

[5] *Id*.

[6] 18 U.S.C. § 3582(c)(2).

[7] *Hughes*, 138 S. Ct. at 1769.

[8] *Id*.

3

to a Type-C agreement, and concluded that the defendant's Guidelines range was a basis for his sentence, and thus he was eligible for a sentence reduction under § 3582(c)(2).[9]

To qualify for a sentence reduction under § 3582(c)(2), Defendant must have been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.[10] Here, Defendant cites no revision by the Sentencing Commission that would have resulted in a lower applicable sentencing range; nor has the Court located any such revision. Indeed, the U.S. Sentencing Commission Guidelines Manual in effect at the time of Defendant's sentencing—the 2016 *Guidelines Manual*—remains in effect today. The Court applied the 2016 Guidelines at Defendant's sentencing and the revision discussed in *Hughes* occurred in 2014, well before Defendant's sentencing. Accordingly, since Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," Defendant does not qualify for relief under § 3582(c)(2).

Further, even if the Court reduced Defendant's total offense level by two levels, the recommended sentencing guideline range would have been 70 to 87 months, instead of 87 to 108 months, still well above the 48-month statutory maximum that Defendant received. Although the Court lacks the authority to grant the requested relief as explained above,[11] even if Defendant's total offense level should have been reduced by two levels, the Court would not, considering any

---

[9] *Id.* at 1168-70.

[10] 18 U.S.C. § 3582(c)(2).

[11] *Id*.; *see also United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) (explaining the limited authorization district judges have to modify a defendant's sentence and noting that courts may only reduce a sentence under § 3582(c)(2) "where the Sentencing Commission has lowered a prisoner's applicable guideline range").

applicable 18 U.S.C. § 3553(a) factors, exercise its discretion under § 3582(c)(2) to reduce Defendant's sentence below the 48-month statutory maximum she received.[12]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 56) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 31st day of July, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (explaining that "[a]t step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case").